J. C. RICHARDS V. MARY A. NELMS AND J. T. NELMS.

1. A city homestead of the maximum value cannot be increased by purchasing additional adjacent lots.
2. Nor did the act of February 2, 1860, alter this rule.
3. The increase in value protected by said act is that occasioned by the appreciation in value of the land, and by improvements made thereon.
4. In computing the value of a city homestead, where it is sought to extend its limits, the improvements must be included in the valuation.

APPEAL from Grayson. Tried below before the Hon. F. W. Hanford, special judge.

The facts are set out in the opinion.

*Maxey & Hare*, and *W. M. Walton*, attorneys for appellants, cited Paschal's Digest, 2 Ed., 3928; Williams v. Jenkins, 25 Texas, 305; Paschal's Digest, notes 198, 481, 897; Pryor v. Stone, 19 Texas, 373; Hancock v. Morgan, 19 Texas, 582; Norton v. Shearn, 15 Texas, 176; Sampson v. Williamson, 6 Texas, 119; Paschal v. Cushman, 26 Texas, 74.

*Hancock & West*, attorneys for appellees, after discussing the above authorities, cited Story's Conf. of Laws, Chap. 3, § 41; Art. 7, § 22, Constitution of 1845; Murphy v. Coffey, —— Texas; Bassett v. Messner, 30 Texas, 604; Mackey v. Wallace, 26 Texas, 526; Act of Feb. 2, 1860, Paschal's Digest, 3928; Act of Nov. 10, 1866, Pas-

chal's Digest, 2 Ed., 3802; Campbell v. McManus, 32 Texas, 442 ; Moore v. Whitis, 30 Texas, 440.

McADOO, J.—In the agreed statement of facts in this case, it is admitted that when the undivided one-half of lot No. 1, in block No. 8, in the town of Sherman, the property in controversy, was purchased, the lots which already formed the residence and homestead of Nelms and wife (November 5, 1859) exceeded in value two thousand dollars.

It is claimed that this property, on its acquisition, separated by a street and several lots from the residence, notwithstanding the value of the previously occupied homestead was of greater value than two thousand dollars, became a part of the homestead.  We think not.

Aside from the question as to whether a mere undivided interest in land can be embraced in the term homestead, under our law (which we deem it unnecessary to discuss in this case), the first question which arises in the consideration of this case, is, Could the homestead be further increased under the law, as it then was, by the addition to it of other property, the then homestead being over two thousand dollars in value? Was not the measure of homestead already full, and more than full, before this last purchase was made?

It is true at the time the original property was dedicated as a homestead it was only worth about $1200.  It increased in value until, when this last purchase was made, in November, 1859, it had become of greater value than $2000.  Whether this increase in value was the result of additional improvements, or the simple enhancement by natural appreciation, does not appear, nor, in our opinion, does it matter ; it was worth over $2000 *then*.

If this last purchase became a part of the homestead at all, it became so on the fifth day of November, 1859 ; and

viewed in the light of homestead, it must be regarded in connection with the other property used and occupied as such. As to this property, it must be regarded as property that day dedicated as homestead, if at all. The then value of the previously acquired property cannot be ignored, and this last purchase be made to relate back to the time of the original dedication in order to bring the whole within the legal homestead value.

Now, before the last purchase was made, the homestead value was complete. No addition could be made to it by dedication of newly acquired property. The property in controversy did not and could not become homestead at that time. Indeed, at that time, under the decision of Williams v. Jenkins, 26 Texas, a further increased value of the old homestead would not have been protected under the then existing homestead law.

But it is urged that the debt by reason of which the property in controversy was sold by the sheriff, was contracted after the passage of the act of February 2, 1860. So it was. Does that change the state of this case? It cannot possibly do so. The statute of February 2, 1860, reads as follows: "The homestead in a town or city exempt from forced sale is hereby declared to be a lot or lots, occupied or destined as a family residence, not to exceed in value two thousand dollars at the time of their destination as a homestead; nor shall the subsequent increase in the value of the homestead, by reason of improvements or otherwise, subject the homestead to forced sale." (Paschal's Digest, Art. 3928.)

We have shown that this last purchase was not, and could not become, a part of the homestead under the former law. Does this latter law make it a part of it? By what rule of construction or reasonable interpretation can it be added to the homestead by virtue of this statute?

If under that statute this property can be embraced in

the homestead, then where is the end to a city or town homestead? If, under that statute, the property in controversy is made a part of the homestead of Nelms and wife, then may a homestead not over $2000 in value be dedicated and the owner of it acquire every other lot in the town or city and hold it all under the said protection of homestead exemption? We deem it safe to say that the Legislature meant no such thing.

The homestead statute of February 2, 1860, did not increase the *maximum* value of the homestead at the date of its dedication. That *maximum* value was precisely the same as that fixed in the former law. The only change consisted in protecting the subsequent increase in value after dedication, "by reason of improvements or otherwise." By the term otherwise we understand the subsequent increase in value of the property by any kind of appreciation in *value* was meant; not a further increase by addition of other lots and other undivided interests in lots, either adjacent to or remote from the lot or lots occupied or destined as a family residence.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.